**STATE OF LOUISIANA**      *      **NO. 2022-K-0843**

**VERSUS**      *      **COURT OF APPEAL**

**BOBBY PARKER**      *      **FOURTH CIRCUIT**

     *      **STATE OF LOUISIANA**

     *

     *

**\* \* \* \* \* \* \***

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the granting of the writ and reversing the district court's November 17, 2022 judgment as it relates to the May 22, 1994 incident.

During the May 1, 1993 and May 29, 1993 incidents charged in the bill of indictment, Defendant touched the bodies of female victims while the victims were in public locations, used physical force to assault their bodies, and forcefully removed the victims to locations where he raped them.

During the May 22, 1994 incident that the State seeks to admit, Defendant touched the female victim's body and used physical force on the victim while she was located in a public location. However, Defendant's sexually aggressive behavior was halted because the victim retrieved a weapon from under her arm and shot Defendant in the leg.

The majority emphasizes the fact that Defendant was arrested for and ultimately convicted on the charge of simple robbery in concluding that the May 22, 1994 incident does not involve "sexually assaultive behavior" under La. C.Cr.P. art. 412.2. I do not find that the offense on which Defendant was booked and convicted to be a compelling factor in determining the admission of the May 22, 1994 incident given the unique circumstances presented. The victim of that

1

assault retrieved a weapon and shot Defendant before his assault on her progressed any further.

Defendant's conduct of striking a female victim and the touching of her body in a public location without explicit consent of the victim is similar to the other sexually aggressive acts of Defendant. Defendant touched female victims' bodies in public locations and used physical force on the victims in the May 1, 1993 and May 29, 1993 incidents. I find it inconsequential that Defendant's sexually assaultive behavior was in its early stages or that his actions were thwarted only by the victim's production of a weapon and shooting Defendant. This evidence is highly probative of the presently charged offenses of aggravated rape and aggravated kidnapping. I find that the probative value of the May 22, 1994 incident is not substantially outweighed by the dangers of unfair prejudice. Thus, as it relates to the May 22, 1994 incident, I find that the district court did not abuse its discretion in allowing the Article 412.2 evidence.